```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
TERRI WESTBROOK,                *

      Plaintiff,                *
v.                                     CIVIL NO.: WDQ-05-cv-2069
                                *
BALTIMORE COUNTY PUBLIC
SCHOOLS, et al.,                *

      Defendants.               *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION AND ORDER

Terri Westbrook ("Westbrook") sued Defendants Baltimore County Public Schools ("BCPS") and the Board of Education of Baltimore County (the "BOE") for discrimination in violation of Title VII of the Civil Rights Act[1] ("Title VII"), the Employee Retirement Income Security Program[2] ("ERISA"), and Maryland law.[3] Pending is Defendants' motion for partial dismissal of the Complaint. For the following reasons the motion to dismiss will be granted.

I. Background

Westbrook was employed as a "Clerk IV, Fingerprint Technician" in the security department of BCPS from May 1993

---

[1] 42 U.S.C. §§ 2000e et seq. (2005).

[2] 29 U.S.C. §§ 1002 et seq. (2005).

[3] *See* Md. Code Ann., Article 49B (2005).

1

until December 2002.  Compl. at ¶¶ 13-14.  Westbrook has alleged that a co-worker, Charles Jenkins ("Jenkins") sexually harassed her on at least two occasions between June 2000 and February 2002.  *Id*. at ¶ 17.  BCPS' Equal Opportunity Office received notification of Westbrook's harassment complaint in January 2002.  *Id*. at ¶ 20.

Westbrook has alleged that BCPS did not discipline Jenkins pursuant to BCPS' anti-sexual harassment policy.  *Id*. at ¶ 22.  In March 2002, BCPS promoted Jenkins to a supervisory position where he allegedly harassed Westbrook about her job performance.  *Id*. at ¶ 23.  On March 25, 2002, Westbrook was placed on administrative leave without notice.  *Id*. at ¶ 24.  On April 22, 2002, Westbrook was recommended for termination for alleged insubordination and gross misconduct.  *Id*. at ¶ 25.  On December 6, 2002, BCPS terminated Westbrook, and BOE affirmed the termination.  *Id*. at ¶¶ 26-27.

In September 2002, Westbrook filed a charge of discrimination with the Maryland Commission on Human Relations.  *Id*. at ¶ 9.  The Equal Employment Opportunity Commission issued Westbrook a right to sue letter on April 26, 2005.  *Id*. at ¶ 10.  Westbrook filed this action on July 27, 2005.

Westbrook has alleged: (1) sexual discrimination and hostile work environment in violation of Title VII; (2) sexual harassment discrimination and hostile work environment in violation of Title

2

VII; (3) violations of ERISA; (4) retaliation; (5) sexual harassment discrimination and hostile work environment in violation of Article 49B of the Maryland Code; and (6) intentional infliction of emotional distress.  Westbrook seeks:(1) a permanent injunction enjoining the Defendants from engaging in discriminatory employment practices; (2) an order commanding the Defendants to carry out policies and programs which provide equal employment opportunities; (3) an award of back pay, front pay, benefits, and pre-judgment interest; (4) compensatory damages of $1 million dollars and punitive damages of $1 million dollars; (5) reinstatement; (6) attorney's fees and costs; and (7) any other the relief the Court deems appropriate.

II.  Analysis

The Defendants have moved to dismiss all claims against BCPS and Counts Three, Five, and Six against BOE.

A.   Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction

The Defendants have moved to dismiss Westbrook's complaint against BCPS, alleging that BCPS is not a legal entity, therefore the Court has no jurisdiction over claims against BCPS pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2).

The district court should grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction only if the

material jurisdictional facts are undisputed and the moving party is entitled to judgment as a matter of law. *Evans v. B.F. Perkins Co.,* 166 F.3d 642 (4th Cir. 1999); *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In deciding a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings without converting the motion to one for summary judgment. *Williams v. United States,* 50 F.3d 299, 304 (4th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(2) permits the Court to dismiss a claim for lack of personal jurisdiction. The plaintiff bears the burden of proving the grounds for jurisdiction by a preponderance of the evidence. *Carefirst of Maryland v. Carefirst Pregnancy Centers, Inc.,* 334 F.3d 390, 396 (4th Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59-60 (4th Cir. 1993); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When the Court decides a pretrial personal jurisdiction motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Carefirst,* 334 F.3d at 396; *Combs,* 886 F.2d at 676. In deciding whether the plaintiff has made the requisite showing, the court must construe all disputed facts and reasonable inferences in favor of the plaintiff. *Id.*

The Defendants argue that BOE is the corporate body of BCPS pursuant to Md. Code Ann., Educ. § 3-104, thus the BOE is the

4

only proper entity to defend this action.  *See* Answer to Complaint at fn1; Mot. Dismiss at 3-4.  Westbrook did not contest this argument in her opposition.  The Maryland Education Code states that county boards of education are established for each county school system.  Md. Code Ann., Educ. § 3-103.  County boards of education are corporate bodies that may sue and be sued.  *Id.* at § 3-104(a); § 3-104(b)(2).  However, the public schools do not exist as separate entities for the purpose of suits; therefore, suits against a public school must be treated as suits against the appropriate county board of education.  *See, e.g., Adams v. Calvert County Public Schools*, 201 F. Supp. 2d 516, 520 n3 (D. Md. 2002)(suit against Calvert County Public Schools treated as suit against Calvert County Board of Education).  Accordingly, the claims against BCPS will be dismissed with prejudice from this action.

B.   Motions to Dismiss for Failure to State a Claim

The BOE moves to dismiss counts three, five, and six of Westbrook's complaint for failure to state a claim.  Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v.*

*Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents. *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action. *Id*.

1. Government Plans Exempt under ERISA

Westbrook alleges that she was denied benefits under Defendants' pension plan because of her termination. BOE argues that the employee benefit plans sponsored by BOE are "government plans" exempt from ERISA coverage, therefore, Westbrook's ERISA claim should be dismissed. *See* 29 U.S.C. § 1003(b)(2); 29 U.S.C. § 1002(32). Government plans include plans established or maintained by the government of any State or State agency. 29 U.S.C. § 1002(32). Westbrook responds that her complaint is factually and legally sufficient, but if necessary she will amend her complaint. Opp. at 4-5.

State and federal courts in Maryland have consistently held that county boards of education are agencies of the state. *See*

*Adams v. Calvert County Public Schools*, 201 F. Supp. 2d 516, 521 (D. Md. 2002); *Biggs v. Board of Educ. of Cecil County*, 229 F. Supp. 2d 437, 444 (D. Md. 2002); *Jones v. Frederick County Bd. Of Educ.*, 689 F. Supp. 535, 536 (D. Md. 1988); *Chesapeake Charter, Inc. v. Anne Arundel County Bd. Educ.*, 358 Md. 129, 747 A.2d 625 (2000); *Montgomery County Educ. Assoc. v. Board of Educ. of Montgomery County*, 311 Md. 303, 534 A.2d 980 (1987); *Board of Educ. of Prince George's County v. Prince George's County Educators' Ass'n*, 309 Md. 85, 522 A.2d 931 (1987). It is undisputed that the BOE is a state agency. Therefore, the employee benefit plans maintained by BOE are government plans that are exempt under ERISA. Accordingly, Westbrook's ERISA claim fails.

2. No Private Cause of Action under Article 49B

Westbrook alleges that she was subjected to a sexually offensive and hostile work environment in violation of Article 49B of the Maryland Code. BOE argues that Article 49B does not provide a private cause of action, but only allows plaintiffs to pursue claims for relief, such as back pay and reinstatement, through an administrative scheme. Mot. Dismiss at 9.

The Fourth Circuit has held that Article 49B does not provide individuals with a private right of action for employment discrimination, because the Maryland Human Relations Commission

7

has the authority to enforce the statutory provisions.[4]  *See*
*Childers v. The Chesapeake and Potomac Telephone Co.*, 881 F.2d
1259, 1265-66 (4th Cir. 1989); *Parlato v. Abbott Laboratories*,
850 F.2d 203, 205 (4th Cir. 1988); *Carson v. Giant Food, Inc.*,
187 F. Supp. 2d 462, 481 (D. Md. 2002); *Willey v. Ward*, 197 F.
Supp. 2d 384, 388 (D. Md. 2002).  A private right of action for
retaliation is available to individuals; however, Westbrook has
only alleged a sexually offensive and hostile work environment in
violation of Article 49B of the Maryland Code.  *See* Md. Code
Ann., art. 49B § 16(f)(2005); *Bean v. United Parcel Service*, No.
DKC 2004-2213, 2005 U.S. Dist. Lexis 17225, at *2 n1 (D. Md. Aug.
18, 2005).  As Westbrook has not refuted BOE's argument or
sufficiently pled a cause of action under Article 49B, her claim
must fail.

3.  Boards of Education are Immune from Tort Liability

   Westbrook alleges that the Defendants' conduct was
intentional and reckless and caused her emotional distress.  BOE
argues that Westbrook has failed to plead her claim of

---

[4] Article 49B provides individuals with a private cause of action under § 42 for discriminatory acts in violation of the Montgomery County, Prince George's County, and Howard County codes.  Md. Code Ann., art. 49B § 42(a) (2005).  A limited cause of action is available to employees alleging discrimination against employers with fewer than 15 employees in Baltimore County.  *Id*. at § 43(a).  Neither of these provisions is applicable to Westbrook's allegations.

intentional infliction of emotional distress with specificity nor has she alleged conduct that was extreme and outrageous.  Mot. Dismiss at 12-13.  Not only does Westbrook's failure to plead her claim with specificity warrant dismissal, but her claim also fails because boards of education are immune from tort liability. *Bolick v. Board of Education of Charles County*, 256 Md. 180, 183 (1969)(legislature has not given boards of education the power to raise money for the purpose of paying damages or judgments, thus establishing immunity from tort actions).  Accordingly, Westbrook's claim of intentional infliction of emotional distress fails.

## CONCLUSION

For the reasons discussed above, Defendants' motion for partial dismissal will be granted.


<u>January 20, 2006</u>                              <u>        /s/                </u>

Date                                         William D. Quarles, Jr.
                                             United States District Judge