```
            IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
TERRI WESTBROOK,
                                *
     Plaintiff,
                                *    CIVIL NO.: WDQ-05-2069
v.
                                *
BOARD OF EDUCATION OF
BALTIMORE COUNTY,               *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Terri Westbrook sued, *inter alia*,[1] the Board of Education of Baltimore County (the "Board") for hostile work environment and retaliation in violation of Title VII of the Civil Rights Act[2] ("Title VII").[3] In April 2007 the case was tried to a jury that found the Board liable on both causes of action. The jury awarded Westbrook damages totaling $225,000.

Pending are the Board's motions (1) to amend the judgment; and (2) for judgment as a matter of law, or in the alternative,

---

[1] On January 20, 2006, Defendant Baltimore County Public Schools ("BCPS") was dismissed from the case before trial.

[2] 42 U.S.C. §§ 2000e et seq. (2005).

[3] On January 20, 2006, the Court dismissed Count III--Employee Retirement Income Security Act; Count V--Discrimination under Maryland Law (Md. Code Ann., Art. 49B (2005)); and Count VI--Intentional Infliction of Emotional Distress. On March 6, 2007 the Court found that Counts I and II both stated a single cause of action for Hostile Work Environment.

1

for a new trial.

## I. Background

On April 16, 2007, Westbrook tried, to a jury, her claims for hostile work environment and retaliation. During the trial, the Court decided that if Westbrook prevailed on the issue of liability then the potential award for front-pay, back-pay, or both would be determined separately by the Court; this decision left only the potential award of non-economic damages to the jury. At the conclusion of trial, the jury found for Westbrook and awarded damages; on April 20, judgment was entered in favor of Westbrook. On April 30, 2007, the Board filed both of the pending motions.

## II. Analysis

Under Federal Rule of Civil Procedure ("FRCP") 59(e), the Board's first motion, titled "Motion to Amend the Judgment" seeks to amend the judgment by requesting the Court to reduce the damages awarded to Westbrook (the "Damages Motion"). The Board's second motion renews its motion for judgment as a matter of law, under FRCP 50(b), which was initially made at the close of Westbrook's case, and requests, in the alternative, a new trial under FRCP 50(b) and FRCP 59 (the "Judgment/Trial Motion"). Westbrook filed a consolidated Response to the motions and the Board filed a consolidated Reply.

In the Damages Motion, the Board argues that insufficient evidence was offered to support a damages award of $225,000. Although the Board cites FRCP 59(e) as its grounds, its 'sufficiency of supporting evidence' argument is not tailored to FRCP 59(e) and does not provide a basis for the Court to grant the motion under 59(e). *See Bogart v. Chapell,* 396 F.3d 548 (4th Cir. 2005) (a court may grant a FRCP 59(e) motion to: 1) accommodate an intervening change in controlling law; 2) account for new evidence previously unavailable; or 3) correct a clear error of law or prevent manifest injustice). The Board's argument, in its initial motion and in its consolidated Reply focuses on the standard of review applicable to challenges of damages awards in FRCP 50(b) motions. Accordingly, the Court will assess the Board's arguments regarding the damages award under Rule 50(b).

A.  Liability

Judgment as a matter of law is proper "when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment." *Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1249 (4th Cir. 1996). The Board "bears a *hefty* burden in establishing that the evidence is not sufficient." *Id*. (emphasis added). The Court "must view the evidence in the light most favorable to the Plaintiff, and the Plaintiff receives the benefit of all inferences." *Willis v.*

3

*Youngblood*, 384 F.Supp.2d 883, 886 (D. Md. 2005).

The Board has moved for judgment on Westbrook's Hostile Work Environment and Retaliation claims arguing that there was no legally sufficient basis for a reasonable jury to find for Westbrook. Westbrook simply asserts that she presented sufficient evidence at trial.

The Board correctly states the legal requirements of Westbrook's two claims, and then argues that Westbrook failed to prove the necessary elements. Given Westbrook's simplistic and abbreviated response, the Board asserts that Westbrook's failure to "point out specific *material* facts which contradict arguments advanced by the Board in the Motions and [their supporting] Memoranda" requires the Court to grant judgment. Reply Mem. 2. A motion for judgment as a matter of law, however, places the "hefty burden" on the Board to demonstrate that the jury failed to reach the one reasonable conclusion from the evidence presented. Although the Board *argues* that Westbrook offered insufficient evidence, the Board does not identify portions of the record or offer any support for its arguments beyond the mere seriatim conclusory assertions: 'there is no evidence in the record,' for each of the elements of Westbrook's two claims. Accordingly, the Board has not carried its "hefty burden." As a result, the Court will not grant judgment to the Board on liability.

4

B.   Damages

A court will uphold a damage award unless: (1) "no substantial evidence is presented to support it[;]" (2) "it is against the clear weight of the evidence[;]" (3) "it is based upon evidence that is false[;]" or (4) "it will result in a miscarriage of justice." *First Union Commercial Corp. v. GATX Capital Corp.*, 411 F.3d 551, 556 (4th Cir. 2005).

In *Price v. City of Charlotte, N.C.*, 93 F.3d 1241 (4th Cir. 1996), the Fourth Circuit held that "a plaintiff's testimony, standing alone, can support an award of compensatory damages for emotional distress." *See id.* at 1254 (citing a Title VII case in its discussion).  The testimony offered by the plaintiff "must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Id.* at 1254. "[C]onclusory statements that the plaintiff suffered emotional distress . . . [do not] support[] an award of compensatory damages." *Id.* at 1254.  Indeed, "bald, conclusory assertions" without "evidence concerning demonstrable injury suffered . . . do not constitute sufficient evidence" of compensable injury. *Id.* at 1255.

In defending the jury award, Westbrook asserts that it was neither unreasonable nor excessive because: (1) she was out of work from December 2002 to June 2003; (2) her new annual salary is less than her old salary of $40,000; and (3) she was

depressed, sought counseling, and took at least two types of medication.  Response Mem. 4-5.  Although the Board is correct in noting that (1) and (2) above should not be a part of the damages award because the Court decided that front and back pay would be determined separately by the Court, there is no indication that the jury improperly considered such evidence in awarding damages.

Based on the evidence related to Westbrook's emotional distress and a jury instruction that explicitly informed the jury that if they found that the "plaintiff's damages have no monetary value, then they must return a verdict for plaintiff in the nominal amount of One Dollar," the Court concludes that the Board has failed to prove that: (1) the evidence was insufficient to support the award; or (2) the award results in a miscarriage of justice.[4]

C.  New Trial

The Board argues that a new trial is warranted because the Court: (1) should have allowed the jury to examine an official employment decision of the Maryland State Board of Education regarding Westbrook's termination; and (2) incorrectly interpreted the term "protected opposition to discrimination."  Judgment/Trial Motion at 25-27.  Westbrook's misdirected response addresses whether a new trial should be granted by arguing for

---

[4] The Board did not argue that the evidence was false.

6

the adequacy of the damage award.

When confronted with a motion for a new trial, "the district court may weigh the evidence and should grant a new trial only if 1) the verdict is against the clear weight of the evidence, 2) is based on evidence which is false, or 3) will result in a miscarriage of justice." *Bryant v. Aiken Regional Medical Centers Inc.*, 333 F.3d 536, 543 (4th Cir. 2003) (quotations omitted).

The Board argues that the decision not to allow the jury to examine the decision of the Maryland State Board of Education confused the jury because they were allowed to hear reference to the appeal and that no further appeal was taken, but were not permitted to examine the actual opinion.  As the Board acknowledges that Westbrook admitted the decision's existence and content to the jury, Judgment/Trial Mot. 26, the Court finds no error resulting in a miscarriage of justice in prohibiting the submission of the written decision to the jury.

Next, the Board argues that the Court incorrectly clarified the meaning of the phrase "protected opposition to discrimination" in its retaliation instruction.  The Board argues that the Court should have clarified the phrase by explaining that the Plaintiff bears the burden of demonstrating that she held an objectively reasonable belief that a Title VII violation occurred.  Judgment/Trial Mot. 26.  Although the Fourth Circuit,

7

in *Jordan v. Alternative Resources Corp.*, 458 F.3d 332 (4th Cir. 2006), has stated that "opposition activity is protected when it responds to an employment practice that the employee reasonably believes is unlawful," *id*. at 338, this Court explained to the jury that protected opposition was a complaint protesting unlawful discrimination, including sexual harassment.  As the Fourth Circuit has not required that the clarification in *Jordan* be given to the jury, the Court concludes that the decision not to offer the Board's proffered clarification did not result in a miscarriage of justice.  Accordingly, a new trial will not be granted.

III. Conclusion

For the reasons discussed above, the Board's motions will be denied.

<u>July 3, 2007</u>                                 <u>            /s/            </u>
Date                                        William D. Quarles, Jr.
                                            United States District Judge